**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Nationwide Insurance Company of America, | ) ) ) |
| Plaintiff, | ) **Civil Action No.: 4:14-273-BHH** ) |
| v. | ) **Order and Opinion** ) |
| Graham Jackson, | ) ) |
| Defendant. | ) ) |

This matter is before the Court on the Defendant's motion to dismiss. (ECF No. 12.) Defendant asks the Court to exercise its discretion under the Declaratory Judgment Act to dismiss the case for resolution in state court. The case is related to *Jackson v. Nationwide*, Case No. 4:14-945.

## **DISCUSSION**

The federal Declaratory Judgment Act grants courts discretion to decline jurisdiction, even where it otherwise exists. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 284-85 (1995). Exercising this discretion, "Courts have been reluctant to exercise jurisdiction over declaratory judgment actions relating to state insurance issues." *Hyrne v. Allstate Ins. Co.*, 2006 WL 1889179, at *1 (D.S.C. July 7, 2006). This discretion is specifically broader than other related abstention doctrines, including *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See Wilton*, 515 U.S. at 286.

The Court was originally concerned that *Wilton* only applies where there is a pending and related state court action. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) ("When a related state court proceeding is pending . . . ."); *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) ("[W]hen a related state proceeding is underway . . . ."). "[A]t least *where another suit involving the same parties and presenting*

*opportunities for ventilation of the same state law issues is pending in state court*, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (citation omitted and emphasis added).  But, it appears that the Fourth Circuit has viewed the pendency of a state  proceeding as only one relevant consideration when exercising the Court's discretion to remand a declaratory judgment action.  *See Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000) ("In contrast, the efficiency factor weighs heavily in favor of retaining jurisdiction. First, we consider it significant that there is no state action pending.") Specifically, *Coffey* suggests that the pendency of a state court action affects whether or not the four considerations, in  *Nautilus Insurance Co. v. Winchester Homes*, 15 F.3d 371, 377 (4th Cir.1994), should additionally be consulted.  *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d at 412; *see also Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 774 (D.S.C. 2011). Regardless of the precise framework, the Court would evaluate whether a discretionary remand is appropriate, notwithstanding the absence of any parallel state action.

The Fourth Circuit has developed a two part analysis for determining whether a district court should stay or dismiss a declaratory judgment action. First, a district court is directed to consider whether the action:

> (i) "'will serve a useful purpose in clarifying and settling the legal relations in issue,'" and (ii)  "'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir.1994)  (referencing *White v. National Union Fire Ins*. Co., 913 F.2d 165 (4th Cir.1990)) (citations omitted).

*Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir.1994).

The relief sought by the plaintiff is not unusual since "[i]t is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir.1998). Additionally, the action will serve a useful purpose in settling the disputed rights under the policy between Nationwide and its insured. *See Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 775 (D.S.C. 2011). Finally, this action will provide relief by clarifying the uncertainty of whether coverage exists under the policy for the claims alleged. *Id.*

If the analysis is contemplated to stop here under *Coffey*, for want of a state court action, the Court would exercise jurisdiction. But, for certainty's sake, the Court would consider the second step of the prescribed analysis as well.

If the action satisfies the criteria of the first step above, which it does, the district court should, according to *Nautilus Insurance Co. v. Winchester Homes*, 15 F.3d 371, 377 (4th Cir.1994) *abrogated on other grounds* by *Wilton*, 515 U.S. 277,[1] also consider four additional and non-exclusive factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or law; (4) whether the federal action is being used merely as a device for "procedural fencing,"  i.e., to provide another forum in a race for res judicata. *Nautilus*, 15 F.3d at 377.

*Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir.1994). The *Nautilus* Court emphasized the importance of considerations of comity and federalism to a district court's

---

[1] The factors articulated in *Nautilus* with regard to to a court's exercise of discretion in a declaratory judgment action remain applicable. *See Penn–America*, 368 F.3d at 412.

decision. It pointed out:

> when a federal court is confronted with an insurer's request for declaratory judgment on coverage issues during the pendency of related litigation in the state courts, its discretion must be guided not only by the criteria outlined in *Quarles*, which focus on the general utility of the declaratory relief sought, but also by the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state law claims in the face of parallel litigation in the state courts.

*Nautilus*, 15 F.3d at 376.

So, although not dispositive under *Wilton*, the lack of any pending state action is plainly significant. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) ("To determine whether to proceed with a federal declaratory judgment action *when a parallel state action* is pending, we have focused on four factors for guiding the analysis . . . ." (emphasis added).) And, in this case, not only is there no parallel state action, there actually exists a companion federal case. *See Jackson v. Nationwide Insurance Company of America*, C.A. No. 4:14-CV-945. So, none of the efficiency issues are present that traditionally weigh in favor of remand or the danger of unnecessary entanglement. Chief Judge Terry Wooten, of this District, has agreed that the State lacks a particularly strong interest when there is no pending state court action dealing with coverage. *Auto-Owners Ins. Co.*, 763 F. Supp. 2d at 775.

The plaintiff contends that it plans to make novel argument related to controlling South Carolina case law, in *Peagler v. USAA Ins. Co.*, 628 S.E.2d 475, 478 (S.C. 2006), over which the State has great interest and expertise. And, while the undersigned would always and readily defer to the State's own adjudication and interpretation of its laws to the enthusiasm of this Court not to have to, the efficiency and comity elements are so lacking

4

in the absence of a pending state action that remand seems a step too far on the facts and legal claims present in this case. The Court is competent to interpret state law, even considering the potential of some novelty on the margins here.

The Court, therefore, would not dismiss the matter.

## **CONCLUSION**

Based on the foregoing, the defendant's motion to dismiss (ECF No. 12) is DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

August 29, 2014
Greenville, South Carolina

5